# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50128 | **DATE** | 11/28/2011 |
| **CASE TITLE** | Dilts v. Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [25] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Joseph E. Dilts, a former inmate in the Illinois Department of Corrections ("IDOC"), previously sought state court review of his confinement pursuant to a writ of mandamus. After his mandamus petition was dismissed with prejudice, plaintiff filed claims in this court against various IDOC officials pursuant to 42 U.S.C. § 1983. Defendants now move to dismiss on <u>res judicata</u> grounds. For the reasons that follow, the motion is denied.

### I. BACKGROUND

On January 21, 2009, plaintiff, acting <u>pro se</u>, filed a mandamus petition in the Circuit Court for the Fifteenth Judicial Circuit, Lee County, Illinois pursuant to 735 ILCS 5/14-101. In the petition, plaintiff alleged that defendants failed to follow statutory and procedural guidelines relating to his term of imprisonment which extended his sentence beyond the maximum allowed by law; that the defendants failed to correct a mistake relating to the date he violated his parole; and that the defendants decision precluding his sentence from running concurrently with another sentence was in error. Plaintiff also sought damages for intentional infliction of emotional distress, wrongful imprisonment, and loss of consortium. After plaintiff was released from IDOC on February 5, 2009, defendants filed a motion to dismiss the mandamus petition arguing that the issue was moot because plaintiff had already been released from prison and that he failed to state a claim upon which relief could be granted. On May 13, 2009, the trial court dismissed the case with prejudice but failed to specify the grounds for dismissal. However, the Lee County Circuit Court docket states that "Pltf. is no longer in custody Motion to Dismiss granted."

Plaintiff subsequently filed this § 1983 action, alleging in Counts I through III of his amended complaint that each defendant negligently or maliciously calculated his parole violation date improperly, which led to an unjustifiable detention under the Eighth Amendment. In Counts IV and V, he alleges that he had a liberty interest in having his sentence properly calculated and that each defendant deprived him of his interest due to inadequate procedures in violation of the Fourteenth Amendment. In Count VI, plaintiff alleges that defendant Blackert falsely or mistakenly completed the Parole Violation Report. In Counts VII through IX, plaintiff alleges that the defendants intentionally inflicted emotional distress on the plaintiff. Defendants seek to dismiss all claims on

| STATEMENT |
|---|

res judicata grounds.

## II. ANALYSIS

Defendants' only argument in support of their motion to dismiss is that plaintiff's claims are barred by the doctrine of res judicata. In response, plaintiff maintains that the state court did not rule on the merits of his mandamus petition but, rather, dismissed it as moot because plaintiff was no longer in custody.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). A federal court must give a state court judgment the same preclusive effect that the rendering state would give such judgments, including civil rights suits brought under § 1983. See Charles Koen & Assoc. v. City of Cairo, 909 F.2d 992, 996-97 (7th Cir.1990) (citing 28 U.S.C. § 1738). Under Illinois law, three requirements must be satisfied to preclude a claim under res judicata: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." Hicks v. Midwest Transit, Inc., 479 F.3d 468, 471 (7th Cir. 2007)(quotation marks omitted). "Where there is identity of parties, subject matter, and cause of action, the doctrine of res judicata extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it." Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 490 (1993). The party seeking to invoke the doctrine of res judicata bears the burden of proving that it applies. Id. at 491.

Defendants argue that a dismissal with prejudice is necessarily on the merits because Illinois Supreme Court Rule 273 provides that: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273. Plaintiff counters that the dismissal was based on mootness, which is a dismissal for lack of jurisdiction and is specifically excluded from the operation of Illinois Supreme Court Rule 273. In support of his argument, plaintiff cites DuPage County Election Commission v. State Board of Elections for the proposition that "the doctrine of mootness is jurisdictional in nature." 345 Ill. App. 3d 200, 205 (2003). Plaintiff also cites, as analogous authority, United States v. Dean, where the Eleventh Circuit stated that the doctrine of res judicata did not apply because the previous denial did not provide a basis, and therefore, "d[id] not have res judicata effect." 752 F.2d 535, 542 (11th Cir. 1985).

Defendants do not take issue with the foregoing authority, but rely on a series of Seventh Circuit cases which uphold the general proposition that a dismissal with prejudice is a dismissal on the merits.[1] However, these cases were decided on the merits and did not implicate mootness as a means of finding res judicata inapplicable. See Charles Koen & Assoc., 909 F.2d at 998 (finding previous action was dismissed on the merits based on the entry of a settlement agreement approved by the court); Wozniak v. Cnty. of DuPage, 845 F.2d 677, 681-82 (7th Cir. 1988) (applying res judicata to mandamus claim previously litigated and resulting in issuance of the writ); Walker v. Page, 59 F. App'x 896, 900 (7th Cir. 2003) (noting that previous mandamus action was decided on the merits).

In the present case, the Lee County Circuit Court did not expressly indicate whether the claim was dismissed as moot or on the merits. However, the notation on the court's docket stating, "Pltf. is no longer in custody Motion to Dismiss granted," strongly suggests mootness. Moreover, the purpose of a writ of mandamus is to direct a public official to take an official act. See Lee v. Findley, 359 Ill. App. 3d 1130, 1133 (2005). Thus, it appears that the trial court did not reach the merits of plaintiff's mandamus action when it dismissed the case after there was no longer a remedy available to the plaintiff under the mandamus statute. In any event, the court cannot with certainty determine whether the Lee County Circuit Court dismissed the petition on the merits or based on mootness. Therefore, defendants have not met their burden to establish the first element of the res

**STATEMENT**

judicata doctrine.

### III. CONCLUSION

In light of the foregoing, defendants have failed to meet their burden of establishing that the previous state court action was decided on the merits. Therefore, defendants' motion to dismiss pursuant to the doctrine of res judicata is denied.

1. Defendants argue that plaintiff's reliance on Dean is misplaced because the holding in that case was dependent on unique procedural circumstances. However, this argument lacks merit because defendants refer to the portion of the Dean opinion dealing with law of the case and not to its holding that an undetermined basis for denial of a petition for mandamus does not have res judicata effect. See Dean, 752 F.2d at 542.